Caruthers, J.,
delivered the opinion of the Court.
This is an action of replevin, brought by Thompson to recover the possession of a slave named G-eorge, which he claims as hirer, for the year 1857, against the defendant, Jones, who sets up title in himself, and denies the claim of the plaintiff. The action failed, and the case is here by appeal in error.
Mary Cunningham was the owner of the slave, and by a deed of gift, dated the 6th of October, 1856, conveyed him to Joshua Jones, and his wife Delilah.
*575 The main question argued is as to the delivery of the deed, and this is made the controlling point in the case. If there was a delivery, the title thereupon passed to Jones and wife, and the contract of hiring, made with Mrs. Cunningham, after that time, would confer no right upon the plaintiff, and the possession taken and retained during that year by the defendant, was legal and proper. •
The facts, as to the delivery, are these:
At the request of the old lady, R. B. Roberts wrote the deed of gift, which she signed by making her mark, and the same was attested by said Roberts and Mrs. M. E. Shied. She then gave Roberts the register’s fee and requested him to carry the deed to the register and get it registered, which was done in due form, after probate on the same day by both witnesses, before the clerk. After this was done, and the proper certificates placed upon it, Roberts carried it babk to her, at Shied’s, where she was then staying, and informed her that he returned it registered; when she requested him to give it to Mrs. Shied, which he did. This was some weeks or a month after the probate and registration.
This is the substance of the evidence of Roberts. He does not state that she gave him any instructions what to do with the paper after he attended to the probate and registration of it; and so he returned it to her, and placed it with Mrs. Shied, as she then directed. The donees were not present, and lived in another county. After all this was done, the contract of hiring was made by Mrs. C., or Mr. Shied, at her direction.
The Court, in charging the jury, makes the case *576 tura entirely upon the question of delivery, and instructs them very fully upon the law on that subject, carefully observing the line of demarkation between the law and the facts of the case.
It is not controverted, and is every where held, that delivery is necessary to a deed. 4 Kent, 454. It may be by express words, or the acts of the party. If the parties evince, by what is done, in any clear and unequivocal manner, the intention of delivering the deed, it is sufficient. Addison on Con., 7. Delivery is a question for the jury, open to parol evidence, and may be inferred from circumstances. Ib., notes.
Whether the mere execution and delivery to the register, for registration, will amount to a delivery, is a question on which there is some conflict. In McEwen v. Troost, 1 Sneed, 191, it was held that the mere “ delivery to the register for registry” was not a delivery of itself; but if the grantor directed it to be “recorded, or subsequently .assented to it,” that would be equivalent to actual delivery.
The Court stated to the jury the facts that were proved in this case, as they are above set forth, and charged that they amounted to a prima facie ease of a valid delivery and acceptance, and would pass the title, unless rebutted by proof that such was not the intention. That is a correct statement of the law.
The execution of the deed, and procuring its registration, would not be conclusive of delivery; but it would devolve upon the other side the necessity of proving that she did not intend it as a final delivery, but that it was her purpose still to hold it in her own power, *577 and that it should not take effect while she lived, or only upon some condition or contingency.
In this- ease, however, the proof shows that the gift was a settled purpose with her; that she referred to it afterwards as a binding and complete transfer of the title, with other facts, showing that she regarded the act as consummated and final.
The jury very properly found, from all the facts, that the deed was delivered, the title of defendant complete, and the plaintiff had no right, under the unauthorized contract of hiring made by the agent of the-donor, after she had divested herself of the title.
Let the judgment be affirmed.